THE METROPOLITAN ELEVATED RAILWAY COMPANY, RESPONDENT, *v.* CHARLES DUGGIN AND JOHN D. SLAYBACK, APPELLANTS, IMPLEADED WITH OTHERS.

*Additional allowance to several defendants — how apportioned where the judgment is reversed on appeal as to some of such defendants.*

On the trial of an action brought against nine defendants, who had interposed demurrers to the plaintiff's complaint, judgment was rendered in favor of the defendants, and separate bills of costs were awarded to some of the defendants, and $750 was awarded to all of the defendants as an additional allowance. This judgment was affirmed at General Term, and separate bills of cost were taxed by the same defendants.

On appeal to the Court of Appeals that court reversed the judgment as to all of the defendants except two, as to whom it was affirmed, without costs.

*Held*, that the two defendants, in whose favor judgment of affirmance was rendered by the Court of Appeals, were entitled to full bills of costs at the General and Special Terms, but, if to any part thereof, only to their proportionate share of the additional allowance of $750, namely, two-ninths thereof.

APPEAL by the defendants Charles Duggin and John D. Slayback from an order made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 7th day

of July, 1890, so far as it directed that the clerk of the city and county of New York satisfy of record the judgment entered in the office of the clerk of the City and County of New York on the 16th day of July, 1886, in favor of the above-named defendants and against the above-named plaintiff, upon payment or tender to the defendants Charles Duggin and John D. Slayback of the sum of ninety-six dollars and seventy-two cents, with interest thereon, being the full amount of the costs contained in said judgment, and the sum of $166.67, being two-ninths of the extra allowance contained in said judgment.

*George W. Weiffenbach*, for the appellants.

*Brainerd Tolles*, for the respondent.

VAN BRUNT, P. J.:

This action was brought against the defendants Duggin and Slayback, together with seven others. Judgment was rendered in favor of the defendants upon demurrers, and separate bills of costs were awarded to some of the defendants, and $750 was awarded to all of the defendants in addition to costs.

The judgment was affirmed at General Term, and separate bills of costs were taxed by the same defendants. The Court of Appeals reversed the judgment as to all of the defendants except Duggin and Slayback, as to whom it was affirmed, without costs.

These defendants claimed that they were entitled to be paid in full the judgments of General and Special Term for costs, and, also, the allowance, in addition to costs, of $750. The plaintiff claimed that they were only entitled to their proportionate share of each. A motion was made for an order that the clerk satisfy judgments on payment of such proportion. The court denied this motion, but held that Duggin and Slayback were entitled to full costs at General and Special Terms, and to their proportionate share of the allowance, viz., two-ninths.

From this order Duggin and Slayback appealed, and the only question presented is, are they entitled to the whole allowance?

It would seem to be a sufficient answer to this claim that no such allowance has ever been made to them. Additional allowances are within the discretion of the court, and no court has, as yet, exercised

its discretion in their favor. The allowance, as made, was to all the defendants, not to Duggin and Slayback, and if the respondent had appealed it might be claimed, with much greater force, that they were not entitled to receive any allowance, as the court has never awarded any to them alone.

It is urged that there is no difference, as far as the right of Duggin and Slayback are concerned, between the costs and the allowance, and that it is just as idle to speculate what allowance would have been awarded to them alone as it is to speculate on the amount of costs which they would have had.

We think that a part of this proposition is probably true, and that it is idle to speculate what allowance Duggin and Slayback would have had if successful alone; and, therefore, probably no part of the allowance should have been awarded them, as the discretion of the court, as we have said, has never been exercised in their favor under these circumstances.

As to the costs, however, the situation is different. As far as appears from the appeal papers, Duggin and Slayback were entitled, as matter of right, to costs; their amount is fixed by statute, and there is no speculation about it when they are awarded statutory costs.

The order should be affirmed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.